Margaret J. Grover (Bar No. 112701)
GROVER WORKPLACE SOLUTIONS
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:  (510) 654-1678
Email:  mgrover@groverworkplacesolutions.com

Attorneys for Plaintiffs
Clint White and Kathryn L. Lopez

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT WHITE AND KATHRYN L. LOPEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> MANCINI'S SLEEPWORLD, INC., MARIE HIGGINS, ADP PAYROLL SERVICES, INC. and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 4:20-cv-3295 <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:** <br>  1. **BREACH OF FIDUCIARY DUTY;** <br>  2. **BREACH OF FIDUCIARY DUTY (ERISA);** <br>  3. **DENIAL OF BENEFITS;** <br>  4. **EQUITABLE RELIEF** <br><br> **REQUEST FOR TRIAL BY JURY** |

Plaintiffs Clint White and Kathryn L. Lopez hereby allege as follows:

**PARTIES**

1. Plaintiff Clint White is, and at all times mentioned herein was, a resident of the County of Contra Costa, California. Mr. White was the half-brother, best friend, and confidant of David James Lopez ("Decedent").

2. Plaintiff Kathryn L. Lopez is, and at all times mentioned herein was, a resident of the County of Alameda, California. Ms. Lopez is married to Decedent's father and has served in a parental role to Decedent for over 25 years.

3. Plaintiffs are informed and believe, and on that basis allege, that Defendant Mancini's Sleepworld, Inc. is a corporation organized under the laws of the State of California and having its principal place of business in Livermore, California.

4. Plaintiffs are informed and believe, and on that basis allege, that Defendant Marie Higgins is the Administrator of 401(k) accounts held for the benefit of employees of Mancini's Sleepworld, Inc. Plaintiffs are informed and believe, and on that basis allege, that Defendant Marie Higgins is employed in Livermore, California.

5. Plaintiffs are informed and believe, and on that basis allege, that Defendant ADP Payroll Services, Inc. is a corporation organized under the laws of the State of Delaware and having its principal place of business in Roseland, New Jersey.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1). 19.

7. Venue is proper in this district pursuant to ERISA, 29 U.S.C. §1132(e)(2) because the breaches complained of occurred in this District, the 401(k) Plan at issue is administered in this District, one of the Defendants has its principal place of business in this District, and both Defendants conduct business in this District.

## COMMON ALLEGATIONS

8. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that Decedent established a 401(k) retirement account, into which he deposited a portion of wages he earned at Mancini Sleepworld, Inc. (the "Lopez 401(k) Account").

9. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that Marie Higgins, Accounting Manager of Mancini's Sleepworld, Inc. was one of the Administrators responsible for managing the Mancini's Sleepworld, Inc. 401(k) Plan and accounts therein, including the Lopez 401(k) Account.

10. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that all funds in the Mancini's Sleepworld, Inc. 401(k) Plan were held by ADP Payroll Services, Inc. Mr. White and Ms. Lopez are further informed and believe, and on that basis allege, that ADP Payroll Services, Inc. controlled the means of changing beneficiaries on the accounts included in the Mancini Sleepworld, Inc. 401(k) Plan and disbursed funds from accounts held in Mancini Sleepworld, Inc. 401(k) Plan.

11. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that

Decedent named one or both of them as beneficiary for the Lopez 401(k) Account, with the direction that all funds in the Lopez 401(k) Account would be used for the benefit of Decedent's minor child.

12. In early July 2019, Decedent was hospitalized with a serious medical condition that left him incapacitated.

13. On or about July 15, 2019, Decedent died.

14. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that as a result of Decedent's death, no person was authorized to change the beneficiary on the Lopez 401(k) Account.

15. Mancini Sleepworld, Inc. was promptly informed of Decedent's incapacity and his death.

16. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that the beneficiary on the Lopez 401(k) Account was changed after Decedent's death.

17. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that all funds from the Lopez 401(k) Account were disbursed to Brandy LaRue after Decedent's death. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that a review of the Death Certificate or other proof of death provided prior to the disbursement of the funds to Ms. LaRue would have demonstrated that the beneficiary on the Lopez 401(k) Account was changed after Decedent's death.

**COUNT ONE**

(FOR BREACH OF FIDUCIARY DUTIES)

18. Mr. White and Ms. Lopez incorporate Paragraphs 1 through 17, above, as though fully set forth herein.

19. At all relevant times, Defendants were fiduciaries with respect to the Lopez 401(k) Account, because they exercised authority and control respecting management or disposition of the Lopez 401(k) Account. Defendants exercised authority and control over the Lopez 401(k) Account's assets by improperly accepting a change of beneficiary instruction after being informed of David Lopez's incapacity and subsequent death and by, thereafter, transferring all funds from the Lopez 401(k) Account to Brandy LaRue.

20. This exercise of authority and control over the Lopez 401(k) Account's assets, and the Defendants' improper disbursement of the Lopez 401(k) Account's funds, resulted in a breach of fiduciary duties owed to the rightful beneficiaries of the Lopez 401(k) Account.

21. By virtue of Defendants' breaches of their fiduciary duties, the Lopez 401(k) Account and its rightful beneficiaries were damaged in an amount to be shown according to proof, plus lost earnings or interest thereon.

22. Mr. White and Ms. Lopez are informed and believe, and on that basis allege, that Defendants' conduct in permitting the change of beneficiary for the Lopez 401(k) Account and distributing the funds from the Lopez 401(k) Account to a person not the rightful beneficiary was malicious, oppressive or in reckless disregard of the rightful beneficiary's rights.

Wherefore Mr. White and Ms. Lopez request entry of judgment against Defendants, and each of them, as set forth below.

## COUNT TWO

### (FOR BREACH OF FIDUCIARY DUTIES -ERISA)

23. Mr. White and Ms. Lopez incorporate Paragraphs 1 through 17, above, as though fully set forth herein.

24. The Employee Retirement Income Security Act (ERISA), Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(a), provides that a fiduciary shall discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of (i) providing benefits to participants and their beneficiaries, and (ii) defraying reasonable expenses of administering the plan.

25. At all relevant times, Defendants were fiduciaries with respect to the Lopez 401(k) Account pursuant to ERISA Sections 3(21)(A), 402, 29 U.S.C. §§ 1002(21)(A), 1102, because they exercised authority and control respecting management or disposition of the Lopez 401(k) Account. Defendants exercised authority and control over the Lopez 401(k) Account's assets by improperly accepting a change of beneficiary instruction after being informed of Decedent's incapacity and subsequent death and by, thereafter, instructing transferring all funds from the Lopez 401(k) Account to Brandy LaRue.

26. This exercise of authority and control over the Lopez 401(k) Account's assets and the Defendants' improper disbursement of the Lopez 401(k) Account's funds resulted in a breach of fiduciary duties owed to the rightful beneficiaries of the Lopez 401(k) Account.

27. By virtue of Defendants' breaches of their fiduciary duties, the Lopez 401(k) Account and its rightful beneficiaries were damaged in an amount to be shown according to proof, plus lost earnings or interest thereon.

Wherefore Mr. White and Ms. Lopez request entry of judgment against Defendants, and each of them, as set forth below.

## COUNT THREE

### (FOR DENIAL OF BENEFITS)

28. Mr. White and Ms. Lopez incorporate Paragraphs 1 through 17, above, as though fully set forth herein.

29. ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary of a plan to bring a civil action to recover benefits due under the terms of the plan, to enforce his or her rights under the terms of the plan, and to clarify his or her rights to future benefits under the plan.

30. A request has been made on behalf of the rightful beneficiaries of the Lopez 401(k) Account, Mr. White and/or Ms. Lopez, for distribution of the funds in the Lopez 401(k) Account.

31. A further request has been made on behalf of the rightful beneficiaries of the Lopez 401(k) Account, Mr. White and/or Ms. Lopez, for information regarding when the beneficiary was changed and for any information regarding distribution of the funds in the Lopez 401(k) Account to a person other than the rightful beneficiary.

32. Defendants Mancini's Sleepworld and Ms. Higgins have declined to provide information regarding the effective date of the change of beneficiary or the identity of the person or person(s) at ADP responsible for implementing the change in beneficiary and for authorizing the distribution. Defendants Mancini's Sleepworld and Marie Higgins have further declined to distribute the funds to the rightful beneficiaries.

33. By virtue of the failure to make distribution or to provide information, the Lopez

401(k) Account and its rightful beneficiaries were damaged in an amount to be shown according to proof, plus lost earnings or interest thereon.

Wherefore Mr. White and Ms. Lopez request entry of judgment against Defendants, and each of them, as set forth below.

### COUNT FOUR

#### (FOR EQUITABLE RELIEF)

34. Mr. White and Ms. Lopez incorporate Paragraphs 1 through 17, above, as though fully set forth herein.

35. Mr. White and Ms. Lopez are entitled to equitable relief under ERISA Section 502(a)(3), including an order compelling Defendants to pay restitution in the form of a wrongfully distributed benefits and interest thereon.

Wherefore Mr. White and Ms. Lopez request entry of judgment against Defendants as set forth below.

### REQUEST FOR RELIEF

Plaintiffs Clint White and Kathryn L. Lopez respectfully request entry of judgment as follows:

1. On Plaintiffs' First, Second, and Third Claims for Relief, for judgment against Defendants Mancini's Sleepworld, Inc., Marie Higgins, and ADP Payroll Services, Inc. and in favor of Plaintiffs Clint White and/or Kathryn Lopez in the amount of all funds wrongfully distributed from the Lopez 401(k) account, together with interest thereon at the legal rate.

2. On Plaintiffs' First and Second Claims for Relief, for an award of punitive damages against Defendants Mancini's Sleepworld, Inc., Marie Higgins, and ADP Payroll Services, Inc. and in favor of Plaintiffs Clint White and/or Kathryn Lopez in an amount sufficient to punish Defendants and to deter future breaches of fiduciary duties and refusal to distribute funds.

3. On Plaintiffs' Fourth Claim for Relief, for an order compelling Defendants Mancini's Sleepworld, Inc., Marie Higgins, and ADP Payroll Services, Inc. to secure all funds in the Lopez 401(k) Account and to disgorge them to the rightful beneficiary.

4. On Plaintiffs' Second through Fourth Claims for Relief, for an award of reasonable attorneys' fees in favor of Plaintiffs Clint White and Kathryn Lopez.

5. On all Claims for Relief, for an award of costs of suit in favor of Plaintiffs Clint White and Kathryn Lopez.

6. That the Court award any additional relief it deems just and proper.

DATED: May 14, 2020                    GROVER WORKPLACE SOLUTION


By: _____
Margaret J. Grover
Attorneys for Plaintiffs
CLINT WHITE AND KATHRYN L. LOPEZ

**REQUEST FOR TRIAL BY JURY**

Plaintiffs Clint White and Kathryn L. Lopez respectfully request a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  May 14, 2020            GROVER WORKPLACE SOLUTION

By: _____
Margaret J. Grover
Attorneys for Plaintiffs
CLINT WHITE AND KATHRYN L. LOPEZ